## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IANA FROGET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-01677 (UNA) |
| | ) | |
| | ) | |
| ROSEMARY A. CLEMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court will grant the motion and dismiss the complaint.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff and Defendant appear to share the same address in the District of Columbia. *See* Compl. Caption. In the one-page Complaint, Plaintiff alleges, among other things, that Defendant "filed for bankruptcy and [took] me to tenant court on 7/12/24." Plaintiff appears only to seek receipts from Defendant for "rent, car [and] insurance" payments.

Plaintiff has not pleaded "the citizenship necessary for diversity jurisdiction," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983), and the allegations do not present a federal question. Consequently, this case will be dismissed by separate order.


_____/s/_____
JIA M. COBB
Date: October 2, 2024                                    United States District Judge